UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GROVER H. DAVIS,

Plaintiff,

v.

Case No. 1:08-cv-16
Hon. Robert J. Jonker

ST. JOSEPH COUNTY DEPARTMENT
OF HUMAN SERVICES and
THREE RIVERS POLICE DEPARTMENT,

Defendants.
_______________________________/

**REPORT AND RECOMMENDATION**

This matter is now before the court on defendant St. Joseph County Department of Human Services' motion to dismiss (docket no. 10) and defendant City of Three Rivers' motion for judgment on the pleadings (docket no. 16).

**I. Plaintiff's complaint and amended complaint**

Plaintiff is a 41-year old African-American Male. Compl. at ¶¶ 6-7. In his complaint, he alleges that defendants St. Joseph County Department of Human Services ("DHS") and the Three Rivers Police Department ("Three Rivers") provide "service and accommodations to the public." *Id.* at ¶¶ 8-9. In Count I, entitled "violation of the 5th & 14th Amendments," plaintiff alleges that defendants owed him duties under these amendments, that their duties were not to interfere with his protected and constitutional custodial rights and that defendants violated those duties causing him damages. *Id.* at ¶¶ 14-18. In Count II, entitled "violation of the penal codes . . . MCL 722.623(6) or (9)(7)" and "MCL 722.628(1)(3)(L), (b) or (c)," plaintiff alleges that defendants owed him a duty under those statutes, that those duties included "not to violate [his]

rights under false pretenses," and that defendants violated their duties causing plaintiff damages. *Id.* at ¶¶ 20-23. Plaintiff further alleges that:

> 12). As a proximate result, plaintiff suffered humiliation, embarrassment, and mental and emotional distress, [unintelligible] violations of 5th & 14th Amendments, etc."
>
> 13). As a further proximate result, plaintiff lost his significant liberty interest in the companionship, care, and management of my children, which is protected by due process.

*Id.* at ¶¶ 12-13. Plaintiff seeks damages and unspecified equitable and injunctive relief.

Plaintiff subsequently filed a document entitled "amended complaint," in which he sought to amend the original complaint to include claims pursuant to 42 U.S.C. § 1983. *See* docket no. 7. Because plaintiff filed this amendment before defendants answered the original complaint, the court will evaluate the dispositive motions by reading plaintiff's original complaint and amended complaint as a single document. *See* Fed. R. Civ. P. 15(a)(1)(A) ("[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading").

**II. Discussion**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

**A. Defendant DHS**

Defendant DHS has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**1. Plaintiff's § 1983 claim**

The Michigan Department of Human Services, formerly known as the Family Independence Agency, is a department of the Michigan state government. *See generally*, *Lake v. Granholm*, No. 1:07-cv-572, 2008 WL 724162 at *10 (W.D. Mich. March 17, 2008); M.C.L. § 400.1. Defendant DHS is a local division of this state department. The inclusion of the county's name, i.e., "St. Joseph County Department of Human Services," simply identifies the local division of the state's department. *Id.* "[T]he employees at the local division are nevertheless state employees." *Id. See also*, Susan Kangas Affidavit, attached to DHS' brief as Exh. A.

DHS' motion to dismiss pursuant to Rule 12(b)(6) is dispositive in this case. "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Court, however, need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin*

*American Citizens*, 500 F.3d at 527 (citations omitted). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, the plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1965 (2007).

As an initial matter, a § 1983 action does not lie against a state for monetary damages. *See Arizonans v. Official English v. Arizona*, 520 U.S. 43, 69 (1997) ("We have held . . . that § 1983 actions do not lie against a State"); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a state nor its officials acting in their official capacities are 'persons' under § 1983"). Plaintiff's § 1983 claim for damages against DHS should be dismissed.

Further, plaintiff did not allege any act or omission by DHS that would entitle him to equitable or injunctive relief against DHS. While it is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyer,'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the duty to be "less stringent" with *pro se* complaints does not require this court to conjure up unpleaded allegations. *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 437 (6th Cir. l988). A plaintiff must allege with at least some degree of particularity the acts which constitute the violation of his rights. *See Morgan*, 829 F.2d at 12. Even the least stringent reading of plaintiff's cursory complaint fails to establish any act committed by DHS that could serve as the basis for a § 1983 action, nor

does plaintiff even allege the type of injunctive relief that he seeks from DHS. Plaintiff's claims for injunctive relief against DHS should also be dismissed for failing to state a claim.[1]

**2. Plaintiff's state law claims against defendant DHS**

While defendant DHS seeks to dismiss plaintiff's complaint in its entirety, it does not address plaintiff's state law claims in any detail. The court could deny this aspect of DHS' motion as insufficiently raised and briefed. In the interests of judicial economy, however, the court can address and resolve these claims without the necessity of considering any further dispositive motions.

Plaintiff's state law claims appear to be brought pursuant to Michigan's "Child Protection Law," M.C.L. § 722.621 *et seq*. One claim is based upon portions of M.C.L. § 722.623, which sets forth the requirements for reporting child abuse or neglect. The other claim is based upon M.C.L. § 722.628 which sets forth the requirements for referring reports of abuse or neglect to the prosecuting attorney and local law enforcement agencies. Under Michigan law, the abused or neglected child is the only person that can maintain a civil action for failure to report child abuse as required under the Child Protection Law. *See Doe v. Roman Catholic Archbishop of Archdiocese*

---

[1] DHS' Rule 12(b)(1) motion for lack of subject matter jurisdiction is based upon Eleventh Amendment immunity. As the court explained in *Nair v. Oakland County Community Mental Health Authority*, 443 F.3d 469, 474 (6th Cir. 2006), "the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power," but it "is not coextensive with the limitations on judicial power in Article III." *Nair*, 443 F.3d at 474 (internal quotation marks omitted). However, because § 1983 claim actions do not lie against a state, the court does not need to reach the Eleventh Amendment immunity issue. *See Arizonans*, 520 U.S. at 69; *Will*, 491 U.S. at 71. As the Supreme Court observed in *Arizonans*:

> "The barrier [to plaintiff's claim] was not, as the Ninth Circuit supposed, Eleventh Amendment immunity, which the State could waive. The stopper was that § 1983 creates no remedy against a State."

*Arizonans*, 520 U.S. at 69 (footnote omitted).

*of Detroit*, No. 263555, 2006 WL 235015 at *3 (Mich. App. Jan. 31, 2006) ("neither the statute [M.C.L. § 722.623] nor any case law provide that the statutory reporting duty, with its attendant civil liability, runs to any person other than the allegedly abused child"); *Marcelletti v. Bathani*, 198 Mich. App. 655, 659-62, 500 N.W.2d 124 (1993) ("Michigan's child abuse reporting statute creates a private right of action *only* in an identified abused child") (emphasis in original). Because plaintiff is not an abused or neglected child, he cannot bring a claim under the Child Protection Law. Accordingly, plaintiff's state law claims against DHS should be dismissed for failure to state a cause of action.

**B. Defendant Three Rivers**

Defendant Three Rivers seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." In addition, Fed. R. Civ. P. 12(d) provides that

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

"The obvious purpose of Rule 12(c) of the Rules of Civil Procedure is to save time and expenses in cases wherein the ultimate facts are not in dispute." *Ulen Contracting Corporation v. Tri-County Electric Cooperative*, 1 F.R.D. 284, 285 (W.D. Mich. 1940). When the court determines a motion for judgment on the pleadings, all well-pleaded material allegations of the non-movant's pleadings must be taken as true. *See United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.*

Plaintiff's complaint and amended complaint name the "Three Rivers Police Department" as the defendant in this action. Three Rivers points out that a police department is not a legal entity under Michigan law and lacks the capacity to sue or be sued.

> Under the law of Michigan, a municipal police department is a creature of the municipality. M.C.L.A. § 92.1 (West 1991). A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest.

*Haverstick Enterprises v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994). *See, e.g, Mooney v. City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980) ("[t]he Holland Police Department is merely a creature of the City, the real party in interest"). Rather than seek dismissal on the ground that plaintiff sued the wrong defendant, Three Rivers has addressed plaintiff's claims as being brought against it as the appropriate municipal defendant.

Even if the court assumes that plaintiff's amended complaint is properly directed at Three Rivers, this pleading does not allege any unconstitutional conduct performed by the defendant municipality. At most, the amended complaint only alleges that someone interfered with plaintiff's custodial rights. There are no well-pleaded material allegations even suggesting that Three Rivers engaged in unconstitutional conduct.

In his response, plaintiff identifies an incident involving Three Rivers:

> First, Defendant Three Rivers [P]olice Department, receives an allegation of suspected child abuse (or) neglect, of a "mark" of a hair tie, on a 3 yr. old child, at that point: under MCL 722.623(7), the local law enforcement agency shall refer the report to the department if the report meets the requirements of that statute.

Plaintiff's Response at p. 3 (docket no. 18). Plaintiff's response also refers to certain reporting and investigation requirements under the Child Protection Law. These additional statements are not set forth in the pleadings. However, even if plaintiff had amended his complaint to include these statements, these alleged acts do not state a cause of action against Three Rivers for violating

plaintiff's constitutional rights. This court is not required to conjure up unpleaded allegations for the benefit of a *pro se* plaintiff. *Scheid*, 859 F.2d at 437.

Furthermore, for the reasons stated above, plaintiff cannot maintain a claim against Three Rivers for an alleged violation of Michigan's Child Protection Law. Accordingly, Three Rivers' motion for judgment on the pleadings should be granted.

## III. RECOMMENDATION

I respectfully recommend that defendant DHS' motion to dismiss (docket no. 10) be **GRANTED**, that defendant Three Rivers' motion for judgment on the pleadings (docket no. 16) be **GRANTED**, and that plaintiff's suit be **DISMISSED**.

Dated: December 29, 2008

/s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).